**UNITED STATES of America**

v.

**Marcus GARNER, Appellant.**

No. 06–2406.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 29, 2007.

Filed: April 18, 2007.

William A. Behe, Office of United States Attorney, Harrisburg, PA, for United States of America.

L. Rex Bickley, Harrisburg, PA, for Appellant.

Before: RENDELL, BARRY, and CHAGARES, Circuit Judges.

*OPINION OF THE COURT*

CHAGARES, Circuit Judge.

Counsel for Marcus Garner petitions this Court for permission to withdraw from representation of Garner pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons that follow, we will grant the motion and affirm Garner's conviction and sentence.

On October 12, 2005, a grand jury returned a two-count indictment charging Garner with interstate travel in aid of racketeering and possession of crack cocaine with intent to distribute in violation of 18 U.S.C. § 1952 and 21 U.S.C. § 841(a)(1), respectively. Pursuant to a plea agreement, Garner pled guilty to the racketeering charge on December 12, 2005. In exchange for Garner's plea of guilty, the Government agreed to dismiss the drug possession charge, and to recommend a two-level reduction in Garner's offense level, which it did.

Thereafter, the District Court commissioned the preparation of a Presentence Report (PSR). The PSR determined that Garner's total offense level was 26, and his criminal history was category IV, which corresponded to a Guideline range of 92–115 months. Because the statutory maximum Garner could receive was 60 months, his actual exposure was substantially less

than his Guideline range would indicate. Garner made no objections to the PSR.

On April 13, 2006, the District Court sentenced Garner to 60 months imprisonment. This appeal ensued.[1]

The *Anders* brief submitted to this Court demonstrates that Garner's attorney has "thoroughly examined the record in search of appealable issues," and has explained why any issues arguably supporting the appeal are frivolous. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001). Moreover, an independent review of "those portions of the record identified by [the] *Anders* brief" reveals no non-frivolous issues Garner might profitably raise on appeal. *Id.* at 301. Accordingly, we will grant the *Anders* motion and affirm Garner's conviction and sentence without appointing new counsel. *See* 3d Cir. L.A.R. 109.2.

---

1. Because Garner has not filed a pro se brief, we do not know what error he assigns to the District Court.